# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MAGGIE DICKERSON, : | |
| : | Case No. 2:18-cv-807 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| STATE OF OHIO, : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Order and Report and Recommendation, recommending that the Court dismiss Plaintiff's complaint. (ECF No. 3). Plaintiff, Ms. Maggie Dickerson, objects to the Report and Recommendation (ECF No. 4). Upon independent review by the Court, and for the reasons set forth below, Ms. Dickerson's objections are hereby **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The complaint is hereby **DISMISSED.**

## I. BACKGROUND

Ms. Dickerson filed a complaint on August 9, 2018, bringing claims against the state of Ohio and the Ohio Navel Militia for an alleged conspiracy to deprive her of her civil rights under 18 U.S.C. § 241. (ECF No. 2). Ms. Dickerson alleges that she was subjected to laser treatment from the 1990's to 2015, which led to her being held against her will, tortured, mutilated, and trafficked into bonded labor. *Id.* at 3. Additionally, Ms. Dickerson alleges she suffered burns, knife wounds, and other severe injuries as a result of the laser treatment. *Id.* Moreover, Ms. Dickerson alleges unwanted people lived in her house and "trafficked large sums of narcotics," "people left leads for employers and forced [her] labor regarding the leads," people "altered and broke medical equipment," and she was forced to watch "nicotine adds."

Ms. Dickerson filed a motion to proceed in forma pauperis, which the Magistrate Judge granted. (ECF Nos. 1, 3). Because Ms. Dickerson was proceeding in forma pauperis, the Magistrate Judge conducted an initial screen of the complaint. *See* 28 U.S.C. § 1915(e)(2). After reviewing the complaint, the Magistrate Judge concluded the complaint should be dismissed for failure to state a claim and issued a Report and Recommendation to that effect on August 9, 2018. (ECF No. 3). Ms. Dickerson objected to the Magistrate Judge's Report and Recommendation on August 16, 2018. (ECF No. 4).

## I.     STANDARD OF REVIEW

The court requires litigants to file "specific and timely objections to a magistrate judge's report and recommendation." *Fields v. Lapeer 71-A Dist. Court Clerk*, 2 F. App'x 481, 482–83 (6th Cir. 2001). Objections that are "vague, general or conclusory does not meet the requirement of a specific objection" and constitutes a failure to object. *Id.* A party that fails to file timely objections in the district court "waives subsequent review in the court of appeals." *Thomas v. Arn*, 474 U.S. 140, 144 (1985). The Court must then "determine de novo any part of the magistrate judge's disposition that has been property objected to" and can "accept, reject or modify" the magistrate judge's findings. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint fails to state a claim upon which relief can be granted when, accepting all well-pleaded allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff's claim is plausible when the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A well-pleaded complaint will survive dismissal even if "actual proof of those facts

is improbable and recovery is remote and unlikely." *Twombly,* 550 U.S. at 556. Thus, a plaintiffs' claims must cross "the line from conceivable to plausible" otherwise, their complaint will be dismissed. *Id.* at 570.

A pro se complaint is held to a "less stringent standard than formal pleadings drafted by an attorney." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the court will not "abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Moreover, the less stringent standard for a pro se litigant will not "compel the court to conjure up unpleaded facts to support conclusory allegations. *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001).

## II.     ANALYSIS

The Magistrate Judge found that Ms. Dickerson's Complaint provides no factual content or context from which the Court may reasonably infer that Defendants engaged in a conspiracy to violate her right. (ECF No. 3). Ms. Dickerson filed a timely objection to the Magistrate Judge's Report and Recommendation. Upon consideration of Ms. Dickerson's objection and de novo review of her Complaint, this Court finds that the Complaint fails to state a claim upon which relief can be granted.

Ms. Dickerson has not pled sufficient facts to make it plausible that the Defendants are liable for any harm she suffered. Her Complaint details injuries she allegedly suffered because of laser treatment, but states only that "several law enforcement members and others" were involved in a conspiracy against her. (ECF No. 2). Ms. Dickerson is not required to prove her case in her pleadings but must provide enough facts to "nudge[] [her] claims across the line from conceivable to plausible." This she has not done. She offers only conclusory statements. Even under the less stringent standards for pro se litigants a complaint with "unadorned, the defendant-unlawfully-

harmed me accusations" will not suffice. *Iqbal*, 556 U.S. at 67. Therefore, Ms. Dickerson fails to state a claim on which relief can be granted.

In her Objection, Ms. Dickerson offers to send a report, under seal, that contains a single date and time of an instance where she was harmed. (ECF No.4). The Court finds, however, that even with additional filing, the Complaint would not be plausible. Ms. Dickerson also asks the Court to find her counsel. While the court sympathizes with her lack of access to counsel, there is no constitutional right to an appointed counsel in a civil case. *Edwards v Simpson*, 833 F. 2d 1012 (6th Cir. 1987). In general, "counsel will only be appointed under 1915(d) in exceptional circumstances." *Id.* The court's decision to appoint counsel "is a fact-specific inquiry turning upon the merits of the claims, the nature and complexity of the case, and the indigent's ability to present the case." *Id.* Moreover, a court "need not appoint counsel when it considers the litigants chance of success to be extremely slim." *Id.* (Circuit court affirmed district court's decision denying Plaintiff's request in part due to conclusory allegations in Plaintiff's complaint). Here, Ms. Dickerson's complaint contains conclusory allegations that the defendants harmed her without any factual allegations to support her claims. Moreover, the absence of well-pleaded factual allegations significantly decreases the likelihood Ms. Dickerson will succeed on the merits of her claims. Therefore, the Court denies Ms. Dickerson's request for counsel.

### III. CONCLUSION

For these reasons, Ms. Dickerson's Objections (ECF No.4) are hereby **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3). This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                            **/s/ Algenon L. Marbley**
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: September 14, 2018**